[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Structures, Inc., filed a single count complaint for damages against the defendant, State Street Mortgage Company, alleging that on August 4, 1988, it entered into a contract with William J. Butler and Shirley J. Butler to construct a building on a lot owned by the Butlers in Deep River, Connecticut. The Butlers obtained a construction mortgage from the defendant. According to the plaintiff, on September 30, 1988, the Butlers were in default in their payments to the plaintiff under the contract and plaintiff indicated to the Butlers that it was unwilling to proceed further unless it could receive guarantees of payment from the defendant.
The complaint alleges that on September 30, 1988, defendant represented to the plaintiff by letter that it would make the check representing final payment on the construction mortgage of $10,406.10 payable to both the Butlers and the plaintiff. The plaintiff further alleges that it relied on said representation to complete its contract with the Butlers. Finally, the plaintiff alleges that the final check was issued only to the Butlers and that plaintiff suffered damages as a result of defendant's failure CT Page 2130 to comply with the commitment in the letter.
An answer was filed in which defendant denied that plaintiff proceeded to complete the contract in reliance on the letter. As to all other allegations in the complaint, the defendant answered that it has insufficient information upon which to form a belief. Four special defenses were filed with the answer: (1) that on September 11, 1989, a judgment was entered in Superior Court, Judicial District of New Haven, in favor of the plaintiff as against the Butlers in the amount of $11,443.43 plus $226.80 in costs, relating to the same underlying debt, and that a judgment lien was filed in favor of the plaintiff as against the Butlers in connection with that judgment; (2) that plaintiff is attempting to seek a double recovery with respect to the same underlying obligations with recoveries against the Butlers and the defendant; (3) that plaintiff will be unjustly enriched if it recovers a judgment in the present case in addition to the earlier judgment; and (4) if the allegations made by the plaintiff that the defendant agreed to remit certain payments to the plaintiff, said agreement was without consideration and is not a legal obligation of the defendant.
Defendant's motion to implead the Butlers as third party defendants was granted on April 23, 1990. The plaintiff made a motion to strike the defendant's special defenses, which was denied on June 12, 1990. On June 22, 1990, plaintiff filed its answer to defendant's special defenses.
On October 10, 1990, plaintiff filed the present motion for summary judgment, claiming that there is no genuine issue of material fact. The motion is predicated on the doctrine of promissory estoppel. The plaintiff submits with the motion the affidavit of the principal officer of the plaintiff corporation, whose actual identity is left unclear. The plaintiff also submits a notice of compliance, showing that defendant issued two checks to William and Shirley Butler on December 8, 1988, one in the amount of $19,430.80 and the other in the amount of $2,319.20. Plaintiff's name did not appear on either check.
The defendant filed an objection and memorandum in opposition to plaintiff's motion. Attached to the objection is the affidavit of Lawrence Yurdin, an officer of the defendant corporation. Defendant subsequently filed the affidavits of William Butler and Shirley Butler.
On November 6, 1990, defendant's motion for default for failure to appear against the third party defendants was granted.
The pleadings are closed as required by Conn. Practice Bk. 379 (rev'd to 1978, as updated to October 1, 1989). CT Page 2131
 Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 402, 528 A.2d 805
(1987). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book 380, 381; Burns v. Hartford Hospital, [192 Conn. 451, 455, 472 A.2d 1257
(1984)]. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson, 176 Conn. 304, 309, 407 A.2d 971
(1978)." Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005
(1984). "The test is whether a party would be entitled to a directed verdict on the same facts." Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982).
Connell v. Colwell, 214 Conn. 242, 246-47 (1990).
Section 90 of the Restatement of Contracts 2d states in pertinent part:
 (1) A promise which the promisor should reasonably expect to induce action or forebearance on the part of the promisee or a third person and which does induce such action or forebearance is binding if injustice can be avoided only be enforcement of the promise. The remedy granted for breach may be limited as justice requires.
Restatement 2d Contracts, 90 (1981).
The plaintiff alleges that it proceeded to complete its contract in reliance on the letter dated September 30, 1988, in CT Page 2132 which defendant indicated that the final payment on the construction mortgage would be a check payable to William J. and Shirley Butler and the plaintiff. That letter is not appended either to plaintiff's motion or to the attached affidavit which references the letter (in which the identity of the affidavit is left unclear).
"A fundamental element of promissory estoppel . . . is the existence of a clear and definite promise which a promisor could reasonably have expected to induce reliance." D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 213
(1987). In its answer, the defendant does not admit the existence of such a letter. A question of fact exists as to whether defendant ever made a promise to the plaintiff.
Another element of promissory estoppel is that the promise induce the action taken by the promisee. Whether or not defendant's action induced the plaintiff to complete construction of the Butlers' home is a question of fact making summary judgment inappropriate. "It is . . . well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 376 (1969).
Furthermore, questions of fact exist as to whether the plaintiff reasonably relied on the alleged promise and whether the completion actually caused the damages which plaintiff alleges. Finally, to prevail under the theory of promissory estoppel, it must be shown that injustice can be avoided only by enforcement of the promise. In the present case, plaintiff has not made such a showing. To the contrary, as raised in defendant's special defenses, the plaintiff has already received a judgment against the Butlers in the amount of $11,443.43. Therefore a question of fact exists as to whether injustice can be avoid or by enforcing the promise.
Plaintiff's motion for summary judgment is denied.
MARTIN L. McKEEVE, JUDGE