TOWN BANK AND TRUST COMPANY *v.*
LUCIE D. BENSON ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued October 18—decision released December 12, 1978

*H. William Shure,* with whom, on the brief, were *John J. Kennedy, Jr.,* and *Michael P. Farrell,* for the appellants (defendants).

*Richard P. Weinstein,* for the appellee (plaintiff).

COTTER, C. J.  The defendants Daniel A. Benson and his wife, Lucie D. Benson, executed a promissory note on May 1, 1974, in favor of the plaintiff bank in the original principal amount of $15,500. Thereafter, on November 5, 1975, Lucie D. Benson conveyed her interest in a parcel of land together with the improvements thereon, of which she was the sole owner, to her son, defendant Daniel A. Benson, Jr., for the recited consideration of $150,000.  Subsequently, upon Mr. and Mrs. Benson's default on the note, the plaintiff instituted the present action claiming damages of $20,000 and requesting that the conveyance be set aside and declared null and void as to the plaintiff.  The plaintiff alleged, inter alia, that the conveyance was made with the intent to avoid the payment of Mrs. Benson's debt to her creditors, particularly her debt to the plaintiff, and to place the real estate beyond the reach of process for the collection of the plaintiff's claim.  The plaintiff also alleged that the defendant Daniel A. Benson, Jr., knowingly aided, abetted and conspired with Mrs. Benson to accomplish that purpose.  The plaintiff filed a motion for summary judgment together with affidavits and supporting documents.  The defendant Daniel A. Benson, Jr., objected to the motion for summary judgment and filed a counter affidavit and supporting exhibit.  The court granted the motion for summary judgment as to liability only, proceeded with a hearing as to damages, and rendered judgment setting aside the conveyance and award-

ing the plaintiff damages of $22,854.44, including fees and costs. From that judgment, the defendants took this appeal.

The sole issue presented in this appeal is whether the trial court erred in granting the plaintiff's motion for a summary judgment.

Since we do not have a finding or memorandum of decision in the record before us, we are at a disadvantage in attempting to determine the precise basis of the trial court's decision to grant the motion for summary judgment. The relevant portion of the judgment simply recites: "The Court further found that there was no issue as to any material fact with respect to liability." "Under these circumstances, in deciding the merits of the appeal, we are confined to an examination of the pleadings and affidavits to determine whether they 'show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Practice Book § 303; *Pine Point Corporation* v. *Westport Bank & Trust Co.,* 164 Conn. 54, 55, 316 A.2d 765; *Dougherty* v. *Graham,* 161 Conn. 248, 250, 287 A.2d 382; *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 377, 260 A.2d 596." *Spencer* v. *Good Earth Restaurant Corporation,* 164 Conn. 194, 197, 319 A.2d 403. The function of the trial court in ruling on a motion for summary judgment is to determine whether there is a genuine issue as to any material fact, but not to decide that issue if it does exist until the parties are afforded a full hearing. Practice Book, 1963, § 303; *Michaud* v. *Gurney,* 168 Conn. 431, 433, 362 A.2d 857.

Summary judgment procedure, generally speaking, is an attempt to dispose of cases involving

sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial. *United Oil Co.* v. *Urban Redevelopment Commission,* supra, 375. However, since litigants ordinarily have a constitutional right to have issues of fact decided by a jury; *Ardoline* v. *Keegan,* 140 Conn. 552, 555, 102 A.2d 352; the moving party for summary judgment is held to a strict standard: he " 'must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.' " *Plouffe* v. *New York, N.H. & H. R. Co.,* 160 Conn. 482, 488, 280 A.2d 359.

In the present case, on the pleadings and affidavits, the parties were at issue as to whether in fact Mrs. Benson conveyed her property to her son with the intent to avoid the payment of her debt to her creditors, and whether the grantee "knowingly aided, abetted, and conspired with" her to accomplish that purpose. To prove that the conveyance was fraudulent, which the plaintiff seems to imply in its pleadings, the plaintiff had the burden of establishing either that the conveyance was made without any substantial consideration and, when made, rendered Lucie D. Benson unable to pay her then existing debts, or that it was made with a fraudulent intent in which the grantee participated. *Genovese Coal Co.* v. *River Bend Builders, Inc.,* 146 Conn. 48, 51–52, 147 A.2d 193; *Dombron* v. *Rogozinski,* 120 Conn. 245, 246–48, 180 A. 453; *Daly Brothers, Inc.* v. *Spallone,* 114 Conn. 236, 241, 158 A. 237; *Fishel* v. *Motta,* 76 Conn. 197, 198, 56 A. 558.

As to the former theory of recovery, i.e., constructive fraud, while it is true that a determination as to the sufficiency of the consideration is a

question of law based upon the evidence; *Milaneseo v. Calvanese,* 92 Conn. 641, 643, 103 A. 841; the plaintiff's failure to submit to the court affidavits or other evidence tending to establish the market value of the property transferred necessarily precluded the court from reaching the legal question of sufficiency.[1] Since the defendant's counter affidavit specifically asserted that good and valuable consideration was paid for the property, and since valuation is an issue of fact material to the plaintiff's case, it cannot be said that the plaintiff satisfied its burden of showing the nonexistence of a genuine issue as to any material fact. See *United Oil Co. v. Urban Redevelopment Commission,* 158 Conn. 364, 382, 260 A.2d 596. Moreover, it is questionable that the documentary evidence before the court was sufficient to exclude any real doubt as to the named defendant's insolvency.[2]

The plaintiff similarly failed to sustain its burden necessary for recovery by a motion for summary judgment on the theory of actual fraud. The defendant grantee's counter affidavit squarely put in issue both the question of the grantor's alleged fraudulent intent and the grantee's knowledge of her alleged improper motives. The determination of the question of fraudulent intent is clearly an

[1] Although the documents and exhibits filed in support of the plaintiff's motion for summary judgment reveal that the consideration given for the transfer in question was admittedly less than that recited in the deed, that fact alone would not be a sufficient basis upon which the court could conclude that the conveyance was made without substantial consideration. See *Clarke v. Black,* 78 Conn. 467, 474, 62 A. 757.

[2] In asserting the nonexistence of any genuine issue as to the named defendant's financial condition, the plaintiff points to Daniel A. Benson, Sr.'s own admission that his only current income was "Social Security which is combined with railroad retirement under total disability," and to the grantee's statement that he was unaware of any assets held by his parents at the present time.

issue of fact which must often be inferred from surrounding circumstances. *Knower* v. *Cadden Clothing Co.,* 57 Conn. 202, 221–22, 17 A. 580. Where, however, the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings, summary judgment procedure is particularly inappropriate. *White Motor Co.* v. *United States,* 372 U.S. 253, 259, 83 S. Ct. 696, 9 L. Ed. 2d 738; *United Oil Co.* v. *Urban Redevelopment Commission,* supra, 376. " 'It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given to their testimony can be appraised.' *Poller* v. *Columbia Broadcasting System, Inc.* [368 U.S. 464, 473, 82 S. Ct. 486, 7 L. Ed. 2d 458]; *Fortner Enterprises, Inc.* v. *United States Steel Corporation,* 394 U.S. 495, 500, 89 S. Ct. 1252, 22 L. Ed. 2d 495." *United Oil Co.* v. *Urban Redevelopment Commission,* supra, 376.

We conclude, therefore, that, viewing the pleadings and affidavits before the trial court in a light most favorable to the defendants, there were genuine issues as to material facts which should have been resolved in a trial. Accordingly, the trial court's decision that the conveyance be set aside and declared null and void as to the plaintiff was erroneous. Since the court subsequently tried to a conclusion the issue of damages and rendered judgment thereon, and since on this appeal there has been no claim of error in that proceeding or the judgment rendered on that issue, a retrial is unnecessary on the issue of damages in the event that on a trial limited to the question of the validity of the conveyance the plaintiff prevails. See *Spencer* v. *Good Earth Restaurant Corporation,* 164 Conn. 194, 199–200, 319 A.2d 403.

There is error in the judgment that the conveyance be set aside and declared null and void as to the plaintiff. That portion of the judgment is set aside and the case is remanded for a trial limited to that issue.

In this opinion the other judges concurred.