[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By two-count complaint dated July 14, 1987, Elizabeth Fernald, Executrix of the Estate of Floyd Fernald, brings suit against defendants Emerson Electric Co., White-Rodgers Co., and Crane Co. This action, governed by the Connecticut Product Liability Act, Connecticut General Statutes Section 52-572n et seq., arises out of a July 17, 1985 propane gas explosion in the cellar of a Naugatuck home.
Plaintiff Fernald alleges that gas was present in the cellar having escaped a defective propane gas furnace therein. The furnace was manufactured and sold as a Thatcher Foundry Company furnace and, as sold, included a pilot light control system known as a White-Rodgers pilot light control system. Emerson Electric Company does a portion of its business under the name White-Rodgers Division of Emerson Electric Company.
It is alleged that Crane Co., at the time of manufacture or sale or thereafter, during the period when the furnace was in use, in its own name or while doing business as Thatcher Foundry Company, a Division of Crane Co., were responsible for the duties of a manufacturer or seller of the said furnace, and the pilot light control system which formed a part thereof.
As a result of the defective propane gas furnace, an CT Page 463 explosion occurred which inflicted second and third degree burns over 75% of Mr. Fernald's body and resulted in his death on the day following the accident.
Count two, while realleging Crane Co.'s responsibility for the duties of a manufacturer and seller of the furnace and partial responsibility for the allegedly defective condition of the furnace, alleges that all defendants acted recklessly, willfully and wantonly by failing to protect the public from this defective product.
Crane Co. filed a motion for summary judgment on June 7, 1989. In their memorandum in support of their motion, Crane Co. argues that under Connecticut law, in order to recover in a products liability action, the plaintiff must establish that the defendant was a "product seller" within the meaning of Connecticut General Statutes Section 52-572m(a). This, Crane Co. claims, Fernald has failed to do. Furthermore, Crane Co submits the affidavit of the former chief engineer of the Thatcher Furnace Division of the Crane Co. to establish that the subject boiler was manufactured in November 1960 and would have been shipped out of the Thatcher Furnace Company to the distributor within four to six months of the date of manufacture. Crane Co. also submits the affidavit of its Vice-President, General Counsel and Secretary for the purpose of establishing that the purchase and sale of Thatcher Furnace Company to Crane Co. was consumated September 16, 1964 and that the Crane Co. had no involvement in the manufacture of, distribution of, or sale of Thatcher furnaces manufactured prior to September 16, 1964.
 "Practice Book Section 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law'" Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 402, 528 A.2d 805 (1987). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book Sections 380, 381; Burns v. Hartford CT Page 464 Hospital, [192 Conn. 451, 455, 472 A.2d 1257 (1984)]. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson, 176 Conn. 304, 309, 407 A.2d 971 (1978)." Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984). "The test is whether a party would be entitled to a a directed verdict on the same facts." Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982).
Connell v. Colwell, 214 Conn. 242, 246-47 (1990).
Defendant Crane Co. has moved for summary judgment in the products liability action, claiming that it is not a "product seller" within the meaning of Connecticut General Statutes Section52-572n(a). That section defines "product seller" as;
 any person or entity, including a manufacturer, wholesaler, distributor or retailer who is engaged in the business of selling such products whether the sale is for resale or for use or consumption. The term "product seller" also includes lessors or bailors of products who are engaged in the business of leasing or bailment of products.
Id.
Plaintiff Fernald attacks the affidavits submitted by Crane Co. in support of its motion, arguing that the affidavits create rather than negate issues of fact. The affidavit of Justin Dinehart, former chief engineer of the Thatcher Furnace Division of Crane Co., is challenged as being based not on fact or personal knowledge but on mere speculation. Plaintiff takes particular issue with Dinehart's conclusion that "[d]ue to the demand for these boilers, the boiler I inspected would have been shipped out to the distributor within four to six months from the date of manufacture." (Dinehart's affidavit had earlier stated that the boiler in question had been manufactured in November, 1960). Plaintiff goes on to point out that according to defendant's discovery responses, there is no documentation to support the assertions presented in Mr. Dinehart's affidavit.
Dinehart's affidavit does state that he was formerly chief engineer of Thatcher Furnace Division of Crane Company. Neither CT Page 465 the affidavit nor the memorandum in support of the motion for summary judgment indicate the existence of a relationship between Dinehart and the Thatcher Furnace Company prior to its acquisition by Crane Co. in September 1964 which would lead the court to conclude that his representations regarding the date as to when the boiler in question was shipped is based on fact or the personal knowledge of Dinehart. Because the term "product seller" as defined in Section 52-572n(a) includes wholesalers and distributors, Crane Co. has failed in its effort to establish conclusively the fact that it did not act as the seller of the subject boiler.
The affidavit of Paul Hundt, Crane Co.'s Vice-President, General Counsel and Secretary asserts that Crane Co. had no involvement in the manufacture of, distribution of or sale of Thatcher furnaces manufactured prior to September 16, 1964. He states in his affidavit that he has been employed by Crane Co. as an attorney since 1968. He further states that he has reviewed the corporate records of Crane Co. dealing with the purchase and sale of the assets of the Thatcher Furnace Company in 1964 and that to his knowledge, Crane Co. had no involvement in the manufacture of, distribution of, advertisement of, or sale of Thatcher Furnaces manufactured prior to September 16, 1964.
Practice Book Section 381 (rev'd to 1989) requires "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto." Id. Crane Co. has failed to meet this requirement concerning the deposition of Paul Hundt.
Accordingly, defendant Crane Co.'s motion for summary judgment is denied.
BYRNE, J. CT Page 466
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 467
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 468