[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, The Connecticut Bank and Trust Company, N.A. ("CBT"), by its Commercial Revolving Credit Mortgage Note ("Note") and Loan Agreement ("Agreement"), extended to the defendant Carriage Lane Associates the principal sum of six million five hundred thousand dollars, payable with interest, in accordance with the Agreement. The Note was secured by mortgaging to CBT a parcel of land upon which condominiums were to be constructed by the defendant. Following partial development of the proposed condominiums, defendant Carriage Lane Associates failed to make full payments on installments of interest and principal balance due. CBT has exercised the option to declare the entire balance on the Note due and payable, and foreclose its mortgage.
The Note, Agreement, and Mortgage were subsequently assigned to F.P., Inc. by virtue of an assignment of mortgage dated February 26, 1990. The Note, Agreement, and Mortgage are now held and owned by F.P., Inc.
The defendants John Hychko, John W. Davis, Sr., and Dennis Sullens are encumbrancers subsequent and subordinate to CBT's mortgage. Defendants William L. Brown and 3-B Development, Inc. have guaranteed payment of the Note to CBT. CBT has made demand on Brown and 3-B Development, Inc. but they have refused to pay.
In their complaint, CBT claims a foreclosure of the Mortgage with costs and attorneys' fees, immediate possession of the mortgaged premises and other relief.
In an answer, special defense, and counterclaim filed on February 7, 1990, defendant John F. Hychko ("Hychko") asserts the following: CBT advanced money to Carriage Lane Associates in excess of the amount due in view of the amount of construction which had actually been completed at the construction site, that such excess advancements constituted a breach of the commercial revolving credit mortgage note and that the plaintiff is estopped from claiming any debt in excess of the amount it should have actually advanced CT Page 565 Carriage Lane Associates.
In his counterclaim, Hychko alleges that in granting a loan to Carriage Lane Associates in the original amount of two million three hundred and forty thousand dollars, he relied upon CBT to act in a commercially reasonable manner and to abide by the terms and conditions of its own loan documents. Furthermore, in breaching the terms and conditions of the loan document executed between CBT and Carriage Lane Associates, CBT knew or should have known that it would impair the security of Hychko's mortgage from Carriage Lane Associates, all to the financial detriment of Hychko. Hychko claims monetary damages.
F.P., Inc. has been substituted for CBT as the plaintiff in this action and is seeking partial summary judgment against all defendants to the foreclosure action. Hychko is the only defendant to have filed a responsive pleading. CBT remains the object of Hychko's counterclaim and is, therefore, the party seeking summary judgment on that counterclaim.
The following memoranda have been filed related to CBT and F.P., Inc.'s motion for summary judgment: memoranda in support and opposition to the motion, supplemental memoranda in support and opposition to the motion, and a reply memorandum in support of the motion addressing issues raised in defendant's supplemental memoranda.
 "Practice Book Section 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 402, 528 A.2d 805 (1987). `Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book Sections 380, 381; Burns v. Hartford Hospital, [192 Conn. 451, 455, 472 A.2d 1257
(1984)]. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson, 176 Conn. 304, CT Page 566 309, 407 A.2d 971 (1978).' Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984). The test is whether a party would be entitled to a directed verdict on the same facts.' Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982).
Connell v. Colwell, 214 Conn. 242, 246-47 (1990).
Hychko's counterclaim depends upon the court recognizing that CBT (and its subsequent assignee F.P., Inc.), as first mortgagee and construction lender, owes a duty to him, as second mortgagee, to advance loan proceeds to the borrower Carriage Lane Associates only in accordance with the loan documents. Hychko argues that such a duty is owed, even though he was not a party to the CBT — Carriage Lane Associates Agreement.
A number of courts have addressed the issue raised by Hychko in his counterclaim. In a decision by the Supreme Court of Washington heard en banc, it was concluded that:
 Outside the contract, the major duty which a construction lender owes to any other party is the duty of good faith; though a loan may be inefficiently managed and with adverse consequences, neither inferior lienors nor absolute guarantors have any recourse against the lender unless it is alleged and proven that the lender acted in bad faith.
National Bank of Washington v. Equity Investors, 506 P.2d 20, 41
(Wash., 1972).
The court, in Rockhill v. United States, 418 A.2d 197 (Md.App. 1980), quotes Grenada Ready Mix-Concrete, Inc. v. Watkins, 453 F. Sup. 1298,1313 (N.D. Miss. 1978) for the general rule that
 [W]here a landowner agrees to subordinate his fee interest to a mortgage lien for the purposes of obtaining a construction loan, without an express covenant from the mortgagee (or lessee-developer) to the landowner, to see to the application of the sums advanced, possible diversion of funds by the mortgagor-developer is a risk assumed by the landowner, unless the latter is able to demonstrate fraud or collusion between the mortgagor-developer and the mortgagee.
CT Page 567
Id. at 201.
In First Connecticut Small Business Investment Co. v. Arba, Inc., 170 Conn. 168 (1976), defendant Wong agreed to subordinate his mortgage to the mortgage of any bank or lending institution loaning money for the purpose of developing certain land as a mobile home park. First Connecticut Small Business Investment Co. agreed to lend Arba, Inc. $84,000, to be secured by a first mortgage on the land, for the purpose stated above. Thereafter, Arba, Inc. was unable to obtain zoning for the mobile home park and defaulted on its loan to First Connecticut. First Connecticut instituted foreclosure proceedings. The court, in addressing the duty of a first mortgagee to a second mortgagee, stated that "[i]n the absence of. . . collusion, or an express agreement, the mortgagee given priority is under no obligation to see that moneys it advances are employed by the borrower in the manner contemplated by the subordinated purchase money mortgagee." Id. at 177.
Defendant Hychko's counterclaim contains no allegations of bad faith on the part of CBT in performing its obligations under the loan agreements. Nor has Hychko plead collusion or presented evidence of collusion in his supporting affidavits, although he does raise the issue on page 7 of his June 18, 1990 Memorandum of Law in Opposition to the Motion for Summary Judgment. A bald assertion of an issue with no supporting factual assertion will not raise a material issue of fact that will defeat a motion for summary judgment.
Finally, no express agreement exists by which CBT agreed with Hychko to see to it that the proceeds of their loan would be used in a particular manner. The loan agreement provisions upon which Hychko relies to find an express agreement were executed between CBT and Carriage Lane Associates. CBT's obligations under that document do not meet the express agreement exception enunciated by the First Connecticut court to establish an obligation on the part of CBT to Hychko.
For the reasons stated above, the plaintiff F.P., Inc.'s motion for partial summary judgment is granted. The motion for summary judgment on defendant Hychko's counterclaim is also granted.
McWEENY, JUDGE