[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (125)
This is an action for personal injuries resulting from a slip and fall on ice.
The action, which sounds in negligence, has been brought against Charles L. and Doris W. Monaco and Dutton Place Homeowners Assn. The pleadings having been closed, defendants Charles L. and Doris W. Monaco have moved for summary judgment. For reasons stated the motion must be granted.
On motions for summary judgment the rules require that judgment be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Prac. Bk. 384.
Since litigants ordinarily have a constitutional right to have issues of fact decided by a jury, the moving party for summary judgment is held to a strict standard. The movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. Town Bank and Trust Co. v. Benson, 176 Conn. 304, 306.
Viewing the facts presented in the light most favorable to plaintiff, it must be concluded that on the date in question the Monacos owned the property known as 23 Dutton Place, Glastonbury. This was a unit at Dutton Place Condominiums which was then leased to plaintiff. CT Page 365
The slip and fall which it is alleged caused plaintiff's injuries occurred in a parking lot and adjacent berm which was a common area of the condominium.
Conn. Gen. Stat. 47-75(c) limits the personal liability of unit owners in condominiums to damages resulting from injuries arising in the common elements to the percentage held in common.
In their affidavits, the Monacos state that their responsibility as individual unit owners does not extend to maintenance, cleaning, plowing and sanding of the parking lot and surrounding common areas.
Although it may be argued that the Monacos' statement is more a conclusion than a statement of fact, it is testimony that could be given at trial and it does comport with the statute.
Plaintiff, in his brief, states that at the time of trial evidence will be offered on the issue of ownership and control.
Mere assertions of fact, whether contained in a complaint or a brief, are insufficient to establish the existence of a material fact and therefore cannot refute evidence properly presented to the court under Practice Book 380. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 12 (1983).
Based upon matters properly before the court, there does not appear to be any genuine issue as to any material fact and the movants are entitled to summary judgment.
Accordingly the motion is granted.
PURTILL, J.