[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION: REQUEST FOR ARTICULATION AND MOTION FOR SUMMARY JUDGMENT
The plaintiff sued defendant on the theory of implied contract to recover sums it claims are due it for providing liability and worker's compensation insurance to the defendant. Defendant denied the material allegations of the complaint. Plaintiff thereafter moved for summary judgment and filed an affidavit executed by its Legal Collections Supervisor reiterating the allegations of the complaint and requesting, in addition to the principal amount due, both interest and attorney's fees. Defendant filed no objection to the motion nor any counter affidavit.
The Court which originally determined the Motion for Summary Judgment denied it without comment or explanation. Plaintiff has filed a request for articulation and the court which decided the motion initially referred the matter to this Court. "Since we do not have a finding or memorandum of decision. . .we are at a disadvantage in attempting to determine the basis of the [prior] court's decision. . .Under the circumstances, we are confined to an examination of the pleadings and affidavits to determine whether they `show that there is. . . [a] genuine issue as to any material fact. . . .'" Town Bank Trust Co. v. Benson, 176 Conn. 304, 306 (1978). This Court finds no such issue.
The purpose to be served by a Motion for Summary Judgment is to dispose of cases involving sham or frivolous issues in a relatively speedy and less expensive manner than ordinarily encountered. Town Bank and Trust Co., Id. at 306-307. Once the moving party has presented evidence in support of the Motion for Summary Judgment, the opposing party must present evidence that demonstrates the existence CT Page 3007 of some disputed factual issue. Barnes v. Schlein, 192 Conn. 732,738 (1984). If the opposing party fails to respond to the motion maker, the court is entitled to rely upon the facts stated by the affidavit of the movant. See Practice Book Sec. 180; Kakadelis v. DeFabritis, 191 Conn. 276, 280-281
(1983); Bartha v. Waterbury House Wrecking Co., Inc.,190 Conn. 8, 11-12 (1983).
Accordingly, judgment shall enter for the plaintiff for $8,228.00 damages, plus pre-judgment interest of $2,006.84 through October 9, 1990, plus costs of $180.80. Attorney's fees are not allowed because plaintiff's claim is not based upon an express contract nor upon statutory authority. See Bushnell Plaza Development Corporation v. Fazzano, 38 Conn. Sup. 683,687-688 (1983).
SCHEINBLUM, J.