[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY-JUDGMENT (115) AND CONTINUANCE (117)
This is an action in which plaintiff, a corporation which owns and operates cafeterias, seeks to recover from defendant, a manager at two of its locations, funds belonging to plaintiff which it is claimed defendant stole and converted to her own use. By her answer and special defense defendant has denied the essential elements of the revised complaint. CT Page 911
The pleadings having been closed, plaintiff has moved for summary judgment in a specific amount, or in the alternative as to liability only. Plaintiff has filed affidavits and other documents including ledger sheets and printouts of bank records. Defendant has filed counter affidavits as required by the rules. Defendant has also requested a continuance for further discovery. For reasons hereinafter stated, the motion for summary judgment must be denied making the motion for continuance moot.
On motion for summary judgment, if the pleadings and other proof submitted show no genuine issue of material fact and that the movant is entitled to judgment as a matter of law, the motion must be granted. Conn. Practice Bk. 384.
Since litigants ordinarily have a constitutional right to have issues of fact decided by a jury, the party moving for summary judgment is held to a strict standard. The movant must make a showing that it is quite clear what the truth is and that it excluded any real doubt as to the existence of any genuine issue of material fact. Town Bank and Trust Co. v. Benson, 176 Conn. 304, 306 (1978).
A motion for summary judgment should be supported by affidavits which are based upon personal knowledge setting forth facts as would be admissible in evidence and showing affirmatively that the affiant is competent to testify to matters therein stated. Conn. Practice Bk. 381. New Haven Tobacco Co. v. O'Brien, 37 Conn. Sup. 815, 819 (1981). Some of the material filed by plaintiff fails to fall within the parameters of the above rule in that it contains conclusions rather than facts and consists of unsworn records and what appears to be computer generated data. See, American Oil Co. v. Valenti, 179 Conn. 349, 355-361 (1979).
Not all cases are appropriate for resolution by summary judgment. Certain cases of a complex factual nature do not lend themselves to summary judgment. United Oil v. Urban Redevelopment Commission, 18 Conn. 364, 375. This case with its numerous records requiring authentication and a resolution of the conflict in fact by the trier of fact falls into this catagory.
Under summary judgment, the court is not to decide issues of fact but to determine whether any such exist. Telesco v. Telesco, 187 Conn. 715, 718 (1982). Here plaintiff has not sustained the heavy burden of establishing that no material question of fact exists and that it is entitled to judgment as a matter of law. CT Page 912
Accordingly, the motion for summary judgment is denied.
PURTILL, J.