[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (170A)
This is an action by which plaintiffs seek to recover for claimed legal malpractice. Defendant has filed an answer. The pleadings having been closed, plaintiffs have moved for summary judgment.
On motion for summary judgment the rules require that judgment be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connecticut Practice Book 384.
Both parties have filed memoranda in support of their position.
Since litigants ordinarily have a constitutional right to have issues of fact decided by a jury the party moving for summary judgment is held to a strict standard and must make a showing that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of an genuine issue of material fact. Town Bank and Trust Co. v. Benson, 176 Conn. 304,306.
Defendant bases its motion for summary judgment on a claim that to recover in a malpractice action plaintiffs must rely on the testimony of an expert witness. Since plaintiffs have failed to disclose the name of such witness defendants contend that plaintiff will be precluded from having such witness testify at trial and therefore cannot recover in this action. CT Page 3056
Conn. Practice Book 220 covers the disclosure with respect to expert witnesses and provides, in essence, that if disclosure of the name of an expert expected to testify at trial is not made in accordance with 220 such expert shall not be allowed to testify "except in the discretion of the court for good cause shown."
The decision of whether to impose the sanction excluding the expert's testimony or to allow such witness to testify is within the sound discretion of the court at the time of trial. Perez v. Mount Sinai Hospital, 7 Conn. App. 514, 519 (1986).
Whether or not good cause exists to allow plaintiffs to present the expert witness is a question of fact to be decided by the trial court at the time the testimony is offered.
For this reason it must be concluded that a question of fact exists and defendant is not entitled to judgment as a matter of law.
Accordingly, the motion is denied.
PURTILL, J.