[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Paul Montagnon, has filed this suit against, inter alia, Connecticut Hard Rubber Company, seeking money damages for injuries suffered in a fall on ice and snow on a sidewalk "at a point approximately one foot to the north of utility Pole #1365 on Grand Avenue in New Haven."
Defendant Connecticut Hard Rubber Company has moved for summary judgment, submitting affidavits to the effect that it does not own or control the cited area and could not be held liable to the plaintiff as alleged in his complaint at the Fourth Count.
Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing such an issue. Practice Book 380, 381; Connell v. Cowell, 214 Conn. 242, 246 (1990).
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson, 176 Conn. 304,309 (1978). The test is whether a party would be entitled to a directed verdict on the same facts. Batick v. Seymour, 186 Conn. 632,647 (1982).
The plaintiff has identified with great specificity the point where he fell. In response to a request to admit that "the CT Page 8311 location of the fall which underlies this lawsuit is approximately one foot north of United Illuminating utility pole number 1365, " the plaintiff responded, "yes." (Answer to Request for Admission, June 11, 1991).
The movant has further presented an affidavit of a registered land surveyor who states that upon examination of the applicable land records, he has determined that the location at issue was immediately in front of a property denominated 529 Grand Avenue and was owned by a person other than the movant on the date stated as the date of the plaintiff's fall. The movant has also presented an affidavit to the effect that on the date at issue the movant did not control or maintain the area where the fall is alleged to have taken place.
The plaintiff has offered no counter affidavit or any other evidence to counter the movant's factual submission or to suggest the existence of a genuine dispute as to any material fact. The plaintiff has not sought a continuance to allow preparation of counter affidavits.
The plaintiff's assertion of liability against the movant rests on the theory that the movant owned, maintained or controlled the area of sidewalk on which he fell. Both ownership and control are facts amenable to ascertainment by simple means, however the plaintiff has offered nothing to counter the movant's submission, which is to the effect that it neither owned, maintained or controlled the area at issue.
Under the circumstances shown and not countered, the movant is entitled to summary judgment.
Judgment shall enter in favor of Connecticut Hard Rubber Company as to the Fourth Count of the complaint.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT