[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT OF OSMOSE WOOD PRESERVING, INC.
The plaintiff, State of Connecticut, has commenced a civil CT Page 3706 action against the defendant, Osmose Wood Preserving, Inc. (hereinafter "Osmose"), and others pursuant to Conn. Gen. Stats.52-572m, et seq. The State seeks to recover damages that it allegedly sustained as the result of premature deterioration of ten individual, wood-frame, prison buildings that were constructed in Enfield, Connecticut, between August 1984 and August 1986. These buildings are collectively known as the Carl Robinson Correctional Institution (hereinafter "CRCI").
The State alleges that Osmose is a "product seller" and that Osmose fire treated lumber was incorporated by the defendant, Truss-Tech, Inc., into wooden roof trusses used to construct the prison. The State alleges that, as a result of the deteriorating truss lumber sold, manufactured and treated by Osmose, it has and will continue to suffer damages incident to the reconstruction of the prison, temporary relocation of prisoners and replacement of all fire retardant treated lumber by Osmose.
Because the pleadings are closed, the court may properly consider a motion for summary judgment at this time. "`Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Zichichi v. Middlesex Memorial Hospital,204 Conn. 399, 402, 528 A.2d 805 (1987). `Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 903 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book 380, 381; Burns v. Hartford Hospital, [192 Conn. 451,455, 472 A.2d 1257 (1984)]. In deciding a motion for summary judgment the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson, 176 Conn. 304, 309, 407 A.2d 971 (1978).' Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317,477 A.2d 1005 (1984). `The test is whether a party would be entitled to a directed verdict on the same facts.' Batick v. Seymour, 186 Conn. 632, CT Page 3707 647, 443 A.2d 471 (1982)." Connell v. Colwell,214 Conn. 242, 246-247, 571 A.2d 116 (1990).
In its motion for summary judgment, Osmose claims that its relationship to the CRCI project is "tenuous" because the State has identified only 33 Osmose lumber samples in the trusses. The essence of Osmose's argument is that the State has failed to identify a sufficient amount of Osmose treated lumber to hold Osmose liable for any of the State's damages. Osmose argues that the State cannot prove that Osmose's product, even if defective, was the proximate cause of the damages.
The State's claim against Osmose is brought pursuant to General Statutes 52-572m, the Product Liability Statute. When a claim is brought pursuant to General Statutes 52-572m, the trier determines the percentage of responsibility allocated to each party. General Statutes 52-572o (b). Pursuant to General Statutes 52-572o (b), the court shall determine the award in favor of the claimant and "the judgment shall also specify the proportionate amount of damages allocated against each party liable, according to the percentage of responsibility established for such party." There is, therefore, a question of fact as to the proportionate share of damages, if any, to be allocated against Osmose. Additionally, the affidavit of James K. Grant, attached to the memorandum in opposition to the motion for summary judgment, states that, because a truss is designed based on stress tolerances of each part of the truss, a truss is weakened if one piece is weakened. The court concludes that a question of fact exists as to what effect even a small portion of Osmose's product would have upon the State's claim for damages.
Accordingly, the motion for summary judgment is denied.
SCHALLER, JUDGE