[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 18, 1991 the plaintiff, State of Connecticut, filed a one count complaint against the defendant, David McNamara, executor of the estate of Virginia McNamara. The plaintiff alleges that prior to the death of the defendant's decedent on January 30, 1991, the plaintiff made public assistance payments for the decedent's benefit in the amount of $49,006.42. The plaintiff alleges that this amount is a debt owed by the estate. The plaintiff alleges that it presented its claim against the estate within the time limit for claims, but that the defendant disallowed the claim.
On November 4, 1991 the defendant filed an answer and the special defense that the defendant's decedent received payment of medical expenses under Title XIX, and the defendant submits that these payments may not be recovered by the plaintiff.
On January 17, 1992 the plaintiff filed an amended complaint, which differs from the original complaint only in that the plaintiff alleges that the assistance payments totalled $48,966.99.
On March 16, 1992 the plaintiff filed a reply to the defendant's answer and special defense.
On March 16, 1992 the plaintiff filed a motion for summary judgment as to liability and damages in the amount of $48,966.99 plus $29.00 (sheriff's fee) and a memorandum of law in support thereof. Attached to the motion is the affidavit of Susan Bolduc, an investigator in the Claims Department of the Bureau of Collection Services in the Connecticut Department of Administrative Services, copies of documents relating to the claim made against the estate, a copy of the decedent's death record, a copy of the application for probate of will, and a copy of the CT Page 5896 plaintiff's request for admissions dated January 15, 1992.
On March 19, 1992 the defendant filed a request to revise the amended complaint.
On April 6, 1992 the plaintiff filed the affidavit of Normand Herbert, Director of Field Operations in the State of Connecticut's Department of Income Maintenance.
On April 22, 1992 the defendant filed a memorandum in opposition to the motion for summary judgment. Attached to the memorandum is the defendant's affidavit, copies of documents relating to the public assistance payments, and a copy of the plaintiff's letter regarding its claim.
"The function of the trial court in ruling on a motion for summary judgment is to determine whether there is a genuine issue as to any material fact. . . ." Town Bank and Trust Co. v. Bensen, 176 Conn. 304, 306, 407 A.2d 972 (1978). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party." Connell v. Colwell, 214 Conn. 242, 247, 571 A.2d 116 (1990). `The test is whether a party would be entitled to a directed verdict on the same facts.' Id. "A directed verdict is justified if on the evidence the jury could not reasonably and legally reach any other conclusion than that embodied in the verdict as directed; . . . or if the evidence is so weak that it would be proper for the court to set aside a verdict rendered for the other party." Boehm v. Kish, 201 Conn. 385, 389, 517 A.2d 624 (1986). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw,193 Conn. 442, 445, 476 A.2d 582 (1984). A motion for summary judgment is the proper way to test the legal sufficiency of the complaint after the pleadings are closed. Boucher Agency, Inc. v. correctly paid. . . ."
In relevant part, 42 U.S.C. § 1396p(b) states:
 (1) No adjustment or recovery of any medical assistance correctly paid on behalf of an individual under the State plan may be made, except . . . in the case of any . . . individual who was 65 years of age or older when he received such assistance, from his estate.
 (2) Any adjustment or recovery under paragraph (1) may be made only after the death of the individual's surviving spouse, if any, and only at a time . . . when he has no surviving child CT Page 5897 who is under age 21, or . . . is blind or permanently and totally disabled. . . .
In the present case, both Bolduc and Hebert attest in their affidavits that the decedent was provided with medical assistance benefits from January 10, 1991 through January 30, 1991, the date of the decedent's death. The defendant states in his affidavit that the decedent died on January 30, 1991 at age 93. Hence there is no genuine issue of material fact that the decedent received the benefits while older than 65 years of age.
The decedent's probate application and death record both state that the decedent was not survived by a spouse. In addition, the plaintiff's request for admissions includes a requested admission that the decedent did not leave a surviving spouse. The defendant has not filed a written answer as required by Practice Book 239; hence, pursuant to this section, the requested admission is deemed admitted for the purposes of summary judgment. Orenstein v. Old Buckingham Corporation, 205 Conn. 572,575-7, 534 A.2d 1172 (1987): Rettig v. Hartford Insurance Co.,3 C.S.C.R. 8 (October 27, 1987, Spada, J.). There is no genuine issue of material fact that the decedent was not survived by a spouse.
The plaintiff's request for admission also includes requested admissions that at the time of her death, the decedent left no surviving child who was under age twenty-one or who was blind or permanently and totally disabled. As the defendant has not filed a written answer, pursuant to Practice Book 239, the requested admission is deemed admitted. There is no genuine issue of material fact that the decedent left no surviving child who was under age twenty-one or who was blind or permanently and totally disabled.
The requirements of 42 U.S.C. § 1396p(b) are satisfied.
No genuine issues of material fact exist, and the plaintiff is entitled to recovery of medical assistance payments made to the decedent as a matter of law.
The plaintiff also argues that the affidavits of Bolduc and Hebert establish that the benefits provided amount to $48,966.99.
The defendant argues that genuine issues of material fact remain unresolved as to the amount of benefits provided. The defendant submits a copy of the plaintiff's statement of assistance dated May 8, 1991, which states that the total amount of benefits is $49,006.42, and that the payments are for the period ending on April 30, 1991, while the decedent died on January 30, 1991. The defendant argues that the statements of CT Page 5898 Zimmer, 160 Conn. 404, 409, 279 A.2d 540 (1971).
The plaintiff argues that pursuant to 42 U.S.C. § 1396p the plaintiff may recover medical benefits from the estates of deceased recipients, and further argues that the defendant has cited a federal statute which is no longer in effect.
The defendant argues that pursuant to 42 U.S.C. § 139ba(a)(18) the plaintiff may not recover these benefits.
General Statutes 17-83g, a section of Chapter 302, states, in relevant part:
 [U]pon the death of any person who has at any time been a beneficiary of aid under this chapter, . . . the state shall have a claim against such . . . person's estate for all amounts paid . . . for the support of . . . such person under the provisions of this chapter for which the state has not been reimbursed. . . .
General Statutes 17-134e states: "All of the provisions of [Chapter 302] are extended to the medical assistance program except such provisions as are inconsistent with federal law and regulations governing Title XIX. . . ." Pursuant to General Statutes 17-134e, the court must look to federal law in order to determine whether the provisions of the General Statutes are consistent with the provisions of Title XIX. State v. Murtha,179 Conn. 463, 469, 427 A.2d 807 (1980).
Contrary to the defendant's argument,42 U.S.C. § 1396a(a)(18) states: "A State plan for medical assistance must . . . comply with the provisions of section 1396p of this title with respect to liens, adjustments and recoveries of medical assistance medical assistance which are attached to Hebert's affidavit list several entries for each month, and that this should be explained through the presentation of evidence at trial.
Both Bolduc and Hebert state in their affidavits that the total amount of benefits provided was $48,966.99. Hebert attaches copies of the decedent's statements of medical assistance to his affidavits. These statements show total payments of $48,966.99.
While the defendant has submitted a statement showing a total of $49,006.42, the plaintiff's affidavits and statements state the total to be $48,966.99. This court holds that the plaintiff is entitled to summary judgment as to liability and, therefore, grants the plaintiff's motion for summary judgment as to damages. CT Page 5899
Howard F. Zoarski, Judge