[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
John and Christine Ritchie, the plaintiffs, filed this CT Page 7137 action September 17, 1991, against Best Diversified Products Corporation (hereinafter "Best"), the defendant. The first count of the complaint alleges a products liability claim against the defendant. The second count, on behalf of Christine Ritchie, advances a loss of consortium claim arising from her husband's injuries as part of the products liability action.
Pursuant to Practice Book 379, et seq., the defendant filed a motion for summary judgment on May 5, 1993, on the second count claiming that, as a matter of law, the spouse is barred from bringing a loss of consortium claim in the context of a products liability action. On May 26, 1993, the plaintiffs filed an objection to the defendant's motion for summary judgment, arguing that the products liability cause of action encompasses the spouse's loss of consortium claim.
Defendant has filed a memorandum in support its summary judgment motion, and the plaintiff has timely filed a memorandum in opposition.
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990), quoting Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399,402, 528 A.2d 805 (1987); Practice Book 384. The test for deciding whether to grant a motion for summary judgment "is whether a party would be entitled to a directed verdict on the same facts." Connelly v. Housing Authority, 213 Conn. 354, 364,567 A.2d 596 (1969).
Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction C. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908
(1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book 380, 381; Burns v. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town bank Trust Co. v. Benson, 176 Conn. 304, 309, 407 A.2d 971
(1978). CT Page 7138
In its memorandum in support of its motion for summary judgment, the defendant moves for summary judgment on the second count claiming loss of consortium. First, the defendant argues that the Products Liability Act, General Statutes 52-572m is the exclusive remedy in this case. Second, the defendant claims that Christine Ritchie does not fit within the definition of a "claimant" under General Statutes 52-572n(c) because the Products Liability Act does not extend to a spouse. Accordingly, the defendants argue that Christine Ritchie cannot be considered a "claimant" under the Products Liability Act and the court should grant the summary judgment motion.
In opposition to the summary judgment motion, the plaintiffs urge the court to recognize the loss of consortium claim as a separate cause of action in products liability cases under Connecticut law. Specifically, plaintiffs draw the distinction that Mrs. Ritchie is setting forth a common-law claim of loss of consortium, not a products liability claim. Therefore, as a matter of law, the court should deny the summary judgment motion because Mrs. Ritchie has a legitimate cause of action based on the common law theory of loss of consortium, not a products liability claim.
After the court heard oral argument on June 8, 1993 from both parties, the Connecticut Supreme Court ruled that "[A] loss of consortium claim by the spouse of an injured person is not barred in an action brought pursuant to the Products Liability Act, General Statutes 52-572m et seq. Lynn v. Haybuster Mfg., Inc. 226 Conn. 282, 299.
The supreme court advanced several reasons in support of its recent decision. First, the court examined the language of General Statute 52-572m to determine whether it clearly abrogates the common law right to loss of consortium. Applying a strict construction analysis, the court concluded that "the act makes no explicit mention of whether a loss of consortium claim survives or is abrogated. Consequently, there has been no expressed intent of the legislature was found from the words employed' to eliminate a spouse's claim for loss of consortium in product liability cases." Id.; Park Regional Corporation v. Town Planning Zoning Commission, 144 Conn. 677, 682, 136 A.2d 785
(1957).
Second, in interpreting General Statute 52-572m(c), the court determined that "the broad definition of `claimant' as CT Page 7139 provided under the act encompasses a spouse claiming a loss of consortium." Lynn v. Haybuster Mfg., Inc., supra, 291. Relying on its decision in Hopson v. St. Mary's Hospital, 176 Conn. 485,494, 408 A.2d 260 (1979), the court stated that
 a claim for loss of consortium includes `personal and compensable, though not physical, injuries as a direct result of defendant's negligence. . . .' Although `damages' is not defined in the act, we have held that damages includes a loss of consortium shown to arise from a personal injury to a spouse caused by the negligence of a third person.
Lynn v. Haybuster Mfg., Inc., supra, 291.
Therefore, in the present case, Christine Ritchie is not barred, as a matter of law, from bringing a derivative loss of consortium claim in an action brought pursuant to the Products Liability Act, General Statutes 52-572m et seq. Accordingly, the court denies defendant's motion for summary judgment on the second count of the complaint.
Howard F. Zoarski, Judge