[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Michael Garfield, commenced this action by writ, summons and complaint dated February 18, 1993. The complaint contains three counts. The first two counts are addressed to defendant Mason. The third count is directed to defendant D D Auto Works, Inc., and is the subject of the motion for summary judgment presently before this court.
In the third count of the complaint, the plaintiff alleges that defendant D D Auto Works, Inc. is liable under General Statutes 14-154a. That statute regulates or proscribes the liability of an owner for damage caused by a "rented or leased car."
On July 19, 1993, defendant D D Auto Works, Inc., filed a motion for summary judgment and attached thereto a supporting memorandum of law, affidavit and a copy of the agreement. On August 12, 1993, the plaintiff filed a memorandum of law in opposition to defendant D D Auto Works, Inc.'s motion for summary judgment.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384; Lees v. Middlesex Ins. Co., 219 Conn. 644, CT Page 8777 650, 594 A.2d 592 (1991). The party seeking summary judgment has the burden of proving the nonexistence of any material fact. D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434,429 A.2d 908 (1980). A party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with evidence disclosing the existence of such an issue. Practice Book 380, 381; Burns v. Hartford Hospital, 192 Conn. 451, 455,472 A.2d 1257 (1984). In deciding a motion for summary judgment, the trial court must view the evidence in light most favorable to the nonmoving party. Town Bank Trust Benson, 176 Conn. 304,309, 407 A.2d 971 (19787). "The test is whether the party would be entitled to a directed verdict on the same facts." Batick v. Seymour, 186 Conn. 632, 637, 443 A.2d 471 (1982).
The defendant, D D Auto Works, Inc., in support of its motion for partial summary judgment on Count 3 contends that the automobile operated by defendant Mason was neither rented nor leased to defendant Mason by D D Auto Works, Inc., but rather, the automobile was temporarily loaned to defendant Mason while his vehicle was being repaired. Therefore, such a transaction is regulated by General Statutes 14-60.
General Statutes 14-60 provides, in pertinent part, that:
 . . . . No dealer or repairer may loan a motor vehicle or number plate or both to any person except . . . when a motor vehicle owned by or lawfully in the custody of such person is undergoing repairs . . . and in any case for not more than thirty days in any year, provided such person shall furnish proof to the dealer or repairer that he has liability and property damage insurance which will cover any damage to any person or property caused by the operation of the loaned motor vehicle, motor vehicle on which the loaned number plate is displayed or both.
General Statutes 14-60.
The terms in the agreement and the affidavit clearly establish that the agreement between the parties was in fact an agreement to loan a motor vehicle. Specifically, the CT Page 8778 agreement is entitled, "Temporary Loan of Motor Vehicle", and the agreement uses the term "loan" throughout. Moreover, the affidavit of Timothy Donahue, the President of D D Auto Works, Inc., states that defendant Mason "brought his car to D D Auto Works, Inc. to be repaired" and that while defendant Mason's car was being repaired, "a car was loaned to him by D D Auto Works."
The plaintiff has not submitted any evidence to substantiate its claim that the agreement was a lease. The plaintiff, however, contends that since the agreement between the parties is a contract, the meaning to be given to this agreement depends upon the intention of the parties, which is to be determined from the actual language used in light of the circumstances existing at the time the agreement was entered into by the parties.
"Ordinarily, the intent of the parties to a contract is a question of fact to be determined by the trier of fact." Jacob v. Seaboard, Inc., 28 Conn. 270, 273, 610 A.2d 189, cert. denied, 223 Conn. 923, 614 822. If, however, "[t]he trial court's conclusions as to intent were based not on such factors as the credibility of witnesses, or on the testimony of live witnesses as to the meaning of documents or as to circumstances surrounding the execution of those documents"; Jacob v. Seaboard, Inc., supra, 273-74; but were instead based on the intent expressed in the contract itself and the affidavits submitted with the motion for summary judgment "considered in the light of their surrounding circumstances, [then] the legal inferences to be drawn from the documents raise questions of law rather than of fact." Id., 274."
In the case at bar, the intent of the parties is based on the expressed terms in the contract and the affidavit of Donohue, not the credibility of witnesses. The plaintiff has not submitted any evidence that establishes that the parties did not intend the agreement to be a loan agreement. A plain reading of the agreement and the affidavit submitted establish that the agreement was in fact a loan agreement and not a lease.
The issue now becomes whether a loan agreement pursuant to General Statutes 14-60 can be concurrently regulated by General Statutes 14-154a. This issue was addressed by our Supreme Court in Cook v. Collins Chevrolet, Inc., 199 Conn. 245, CT Page 8779506 A.2d 1035 (1986). In Cook v. Collins Chevrolet, Inc., supra, the court determined the extent of the statutory liability of an automobile dealer and its insurer was when a motor vehicle bearing a loaned dealer's license plate becomes involved in an accident. Since the operator of the car bearing the loaned dealer's license plate had insurance, the dealer had no liability. In arriving at its decision the court reviewed the language of General Statutes 14-60. It compared the statutory language of General Statutes 14-154a to that of General Statutes 14-60 and concluded that the legislature under General Statutes 14-154a had imposed a heavy burden of joint liability on dealer-lessors. The court in comparing the language of the two statutes concluded that General Statutes14-60 imposes only limited liability. "Under other circumstances, as for example in rentals of motor vehicles governed by General Statutes 14-154a, the legislature has indeed imposed a heavy burden of joint liability on dealer-lessors." Id., 252. The choice of the words "under other circumstances" discloses that the court reasoned that a transaction under General Statutes 14-60 was distinct and different than that of General Statutes 14-154a.
Plaintiff's argument that a loan agreement cannot exceed fifteen days, and therefore the agreement must be lease, is without merit. General Statutes 14-60 was amended in 1985 to increase the loan period from fifteen to thirty days. See P.A. 85-252.
Accordingly, defendant D D Auto Works, Inc.'s motion for summary judgment is granted.