[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#126.01)
This case came before this court at a motion for summary CT Page 549 judgment wherein it was alleged that summary judgment should enter in favor of the plaintiff and against the defendant's special defenses and counterclaims. The plaintiff represented in that motion and the affidavit attached thereto, that there were no issues of material fact and judgment may enter as a matter of law.
The court reviewed the motion for summary judgment and the affidavit attached thereto. The court reviewed the plaintiff's memorandum of law which it finds to be comprehensive and complete. The court reviewed the defendant's memorandum of law in opposition which it found to be comprehensive and complete. The court further reviewed the plaintiff's supplemental memorandum of law in support of a motion for summary judgment. The court heard oral argument on two occasions and has reviewed all other relevant documents.
A motion for summary judgment may be granted if no genuine issue as to material fact is established. Strada v. Connecticut Newspapers Incorporated, 193 Conn. 313, 316 (1984). The burden of showing the nonexistence of any material fact rests on the plaintiff as it is the moving party seeking summary judgment. Wadia Enterprises, Inc. v. Hirschfeld, 224 Conn. 240 (199). The court is instructed in Town Bank and Trust v. Benson, 176 Conn. 304,307 (1978) that the court must view inferences to be drawn from the facts in the light most favorable to the party opposing the motion.
The court denies the motion for summary judgment since it finds there are issues of material fact.
The court finds that there are issues of material fact in areas including, but not limited to the following:
(1) Whether or not the plaintiff is the holder-owner of the mortgage sought to be foreclosed.
(2) Whether the obligations contained in the note, mortgage, lease and contract are interdependent or not. The parties agree that there are four operative documents to the sale and lease-back of the property, the note, plaintiff's Exhibit 13, the mortgage, Plaintiff's Exhibit 14, the contract Plaintiff's Exhibit 12 and the lease, Plaintiff's Exhibit 15. The court finds that the claim of the defendant that all of the documents are tied together thus, a default in the lease is a defense to CT Page 550 the foreclosure is a question of fact.
(3) Whether certain representations, promises and warranties in the lease regarding surrender of the premises and environmental conditions as well as the representations, promises and warranties regarding hazardous waste in the contract are conditions precedent to the defendant's duty to perform under the note and mortgage.
(4) The right to collect rent, the nonpayment and the issue of whether that is a breach.
(5) Does the "as" is clause provide a bar to the defendant's counterclaim.
(6) Are there valid equitable defenses, including unjust enrichment, lack of clean hands and estoppel.
(7) Can a single act constitute a CUTPA violation.
(8) Are the facts such that the defendant has a cause of action for tortious interference with a business expectancy.
For all of the foregoing reasons, the motion for summary judgment is denied.
KARAZIN, J.