[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION Re: MOTION FOR SUMMARY JUDGMENT (#112)
The plaintiffs sue the defendants on a claim that the latters' negligence was responsible for a two-car automobile collision which, it is alleged, caused the plaintiffs to suffer injuries, losses, and damages. The defendants in their answer deny the allegations of negligence and allege specially that the accident was caused, instead, by one or more negligent acts of CT Page 5149-WWW the plaintiff-Robert Jacobs.
Before the court is the above-named plaintiff's motion for summary judgment in which he asserts an absence of any genuine issue of material fact as to liability of the defendants. He asks for an interlocutory order adjudging such liability.
Summary judgment affords a proper resolution to litigation where "the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Strada v. Connecticut Newspapers, Inc., 193 Conn. 313,316-17 (1984); P.B., Sec. 384. In the instant context it is almost needless to say that the burden of proof is upon the plaintiff, as the moving party, to show the nonexistence of any genuine issue of material fact; Connecticut Bank Trust Co. v. CarriageLane Associates, 219 Conn. 772, 781 (1991); and in deciding that question, of course, the court is obliged to view the evidence in the light most favorable to the defendants, as the nonmoving party. Town Bank Trust Co. v. Benson, 176 Conn. 304, 309
(1978).
Apart from the fact that a negligence action, such as that here-present, does not lend itself well to summary adjudication;Spencer v. Good Earth Restaurant Corp., 164 Conn. 194, 198-99
(1972); the court finds that the defendants have raised by special defense a number of factual issues which should be determined on the basis of evidence presented at trial. Those issues concern causation which, in the face of the defendants' allegations, should not be decided on the basis of the plaintiff's affidavit, certain answers of the defendant-driver given while being deposed, and a police report. In short, the plaintiff has not sustained the rather heavy burden which the law imposes upon him.
The motion for summary judgment is denied.
Gaffney, J.