[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brought this action to recover damages for legal malpractice by the defendant. He claims that as a result of the negligence of the defendant he paid $13,000 to his former wife for child support which he was not legally obligated to pay. The defendant denied that she was negligent and also pleaded special defenses which the plaintiff denied.
After the pleadings were closed, the defendant moved for summary judgment on the ground there is no triable issue of fact because of her special defenses. She pleads as a matter of law (1) the plaintiff's failure to seek an alternative remedy; (2) unjust enrichment; and (3) collateral estoppel. She also claims that the plaintiff failed to state facts sufficient to support a claim of malpractice.
To support her claims, the defendant filed several exhibits including her own affidavit as defendant, an affidavit of an expert witness, Charles W. Snow, and various other documents.
The plaintiff filed a brief in opposition, but did not file any counter affidavits or other documentary evidence to support his claims.
The Connecticut Practice Book § 380 requires that the part opposing a motion for summary judgment file opposing affidavits and other documentary evidence.
Summary judgment is appropriate if the pleadings, affidavits and any proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384;Town Bank Trust Co. v. Benson, 176 Conn. 304, 306 (1978).
The party opposing the motion also has responsibilities of proof, however, and may not rebut the movant's showing of the nonexistence of issues of fact by the bold statement that an issue of fact does exist. United Oil Co.v. Urban Redevelopment Commission, 158 Conn. 364, 377 (1969). Instead, the opposing party must file affidavits and other documentary evidence which set forth specific facts showing that there is a genuine issue for trial. Farrell v. Farrell,182 Conn. 34, 39 (1980). If the affidavits and other supporting documents are inadequate, the court is justified in granting the CT Page 8519 summary judgment. New Haven Tobacco Co. v. O'Brien,37 Conn. Sup. 815, 819 (1981).
In the present case, the defendant did file her own affidavit as to the facts and that of her expert who opined that this was no legal malpractice on her part. In response, the plaintiff merely refers the court to the defendant's affidavit in support of his claim. He filed no counter affidavit. The plaintiff has failed to meet the requirements of Practice Book § 381 since he filed no exhibits at all to support his claim.
The court also finds that the documents filed by the defendant are sufficient to establish that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. In view of the foregoing, it is not necessary to discuss the issues of the special defenses.
Accordingly, the defendant's motion for summary judgment is granted.
D. Michael Hurley Judge Trial Referee