[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
ISSUE CT Page 3218
Whether the defendant Mary Briem's motion for summary judgment should be granted because there is no genuine issue of material fact regarding defendant Mary Briem's liability to the plaintiff and that the defendant Mary Briem is entitled to judgment as a matter of law.
FACTS
The following facts are alleged in the complaint. The plaintiff, American Home Assurance Company, is a corporation licensed to do business in the State of Connecticut. The plaintiff insured Attorney Jane Marsh under a lawyer's professional liability policy.
The defendants, Robert Briem and Mary Briem, are the former owners of a parcel of land located in Old Saybrook, Connecticut. On November 10, 1988, the defendants sold the parcel to Scott Magruder.
Prior to that date, a title search on the subject premises had revealed a number of encumbrances on the premises.
On November 9, 1988, the defendants were served a writ of attachment on the subject premises. This attachment was the result of a default judgment obtained by Cora Lee Gibbs against the defendant Robert Briem. Said attachment was filed on the Old Saybrook Land Records on November 9, 1988.
On November 10, 1988, the defendants remained silent and concealed the attachment from Scott Magruder and Attorney Jane Marsh despite their duty to disclose the attachment. The defendants' silence and concealment caused Attorney Jane Marsh to rely on an earlier representation of the defendants as to the status of the encumbrances on the subject premises to her detriment. As a result of the silence and concealment of the defendants, a mortgage given by Essex Savings Bank was inferior to the attachment field, by Cora Lee Gibbs. As a further result of the silence and concealment of the defendants, Scott Magruder and Essex Savings Bank made a claim against Attorney Jane Marsh. CT Page 3219
In a fair and equitable settlement of the claims of Attorney Jane Marsh, the plaintiff paid the judgment lien filed by Cora Lee Gibbs on the subject premises to its detriment.
In a second count, the plaintiff seeks recovery against Robert Briem on the judgment lien assigned to it by Cora Lee Gibbs.
In her motion for summary judgment, the defendant Mary Briem alleges that she is not liable for the judgment debt because the debt is against Robert Briem, not her. Mary Briem also alleges that the defendant has not alleged that she committed an essential element of a claim of fraud, namely that she made a false representation as a statement of fact.
The pleadings are closed. Mary Briem has filed a memorandum of law and appended supporting documentation in compliance with Practice Book Sec. 380. The plaintiff has neither objected to the motion, nor filed a memorandum in opposition thereto, nor filed appropriate documentation, nor did the plaintiff appear at the oral argument on this motion.
 Pursuant to Practice Book Sec. 384, summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." "`Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980); a party opposing summary judgment must substantiate its adverse claim by showing there is a genuine issue of material fact together with evidence disclosing the existence of such an issue. Practice Book Sec. 380, 381; Burns v. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). In determining a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. CT Page 3220 Town Bank Trust Co. v. Benson, 176 Conn. 304, 309, 407 A.2d 971 (1978).' Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984). `The test is whether a party would be entitled to a directed verdict on the same facts.' Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982)." Connell v. Colwell, 214 Conn. 242, 246-47, 571 A.2d 116 (1990).
Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 781, 595 A.2d 334 (1991).
 While we continue to adhere to the general principle "that summary judgment is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions; United Oil Co. v. Urban Redevelopment Commission., 158 Conn. 364, 376, 260 A.2d 596 (1969); Town Bank Trust Co. v. Benson, 176 Conn. 304, 309, 407 A.2d 971 (1978); it remains, nevertheless, incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material facts exists. Multi-Service Contractors, Inc. v. Vernon, 193 Conn. 446, 452, 477 A.2d 653 (1984).
Connell v. Colwell, supra. 251.
I. Liability for Fraud
As Mary Briem has argued, a plaintiff alleging fraud must prove four elements:
 The elements of a fraud action are: (1) a false representation was made as a statement of fact; (2) the statement was untrue and known to be 80 by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment.
Billington v. Billington, 220 Conn. 212, 217, 595 A.2d 1377
CT Page 3221 (1991). Furthermore, "It is well established that common law fraud must be proven by a higher standard than a fair preponderance of the evidence. This middle tier standard has been described as `clear and satisfactory evidence' and as `clear, precise and unequivocal evidence.'" Kilduff v. Adams, Inc., 219 Conn. 314, 327-28, 593 A.2d 478 (1991) (citations and footnote omitted). The plaintiff has alleged in its complaint that its action sounding in fraud is based on the silence of Mary Briem. The entirety of Mary Briem's argument in her motion for summary judgment is that because Mary Briem made no statement regarding the judgment lien filed by Cora Lee Gibbs, she cannot have committed fraud, especially given the difficult burden of proof the plaintiff must carry.
A seller of property who fails to disclose a defect in the property may be liable in an action based on fraudulent concealment. Siudyla v. ChemExec Relocation Systems, Inc., 23 Conn. App. 180, 186, 579 A.2d 578 (1990). Nevertheless, the plaintiff, by failing to oppose Mary Briem's motion for summary judgment, has failed to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists. II. Liability on the Judgment Lien
Mary Briem has appended to her motion a copy of the judgment lien filed by Cora Lee Gibbs. This judgment lien indicates that Mary Briem was not a debtor to Cora Lee Gibbs and, therefore, is not a debtor to the plaintiff.
CONCLUSION
There is no genuine issue of material fact regarding Mary Briem's liability to the plaintiff and Mary Briem is entitled to judgment as a matter of law.
The defendant Mary Briem's motion for summary judgment is granted.
AUSTIN, JUDGE