[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
This is a suit by the plaintiff, CTB Realty Services, Inc., ("CTB") seeking a judgment of strict foreclosure against the defendants, 2405 Whitney Avenue Associates Limited Partnership, Wesley Jakubiec, Roman Jakubiec, R W Properties and Saul Pollack. The dispositive issue is whether Pollack's agreement to subordinate his fee interest in favor of CTB's mortgage interest gives CTB priority over Pollack's interest in the foreclosure. The pleadings and supporting affidavits disclose the following facts. Pollack is the owner of property located at 2405 Whitney Avenue in Hamden, Connecticut. On November 7, 1972, Pollack executed a lease to Whitney Towers Associates. 2405 Whitney Avenue Associates Limited Partnership, Wesley Jakubiec, Roman Jakubiec, and R W Properties ("the Tenants") are the successors in interest to Whitney Towers Associates as tenants to the lease. The original lease contained a provision authorizing the Tenants to mortgage the property and to "subordinate Landlord's fee interest . . . to the lien of any such mortgage . . . limited to one million seven hundred seventy five thousand ($1,775,000) dollars." On December 18, 1987, the lease was amended to increase the mortgage limitation to $3,100,000. On December 21, 1987, Pollack delivered a letter to Connecticut Savings Bank ("the Bank") and the Tenants that read, in pertinent part: CT Page 4538
 We have been informed that the refinancing is for $3.1 million and shall consist of a first mortgage in the principal amount of $3.1 million to Connecticut Savings Bank.
 We hereby acknowledge being advised as to the above information, and we hereby consent to the placing of the mortgage listed above on said real estate. . . .
 The undersigned, pursuant to the terms of the said lease, agree to subordinate our fee interest to $3,100,000 of the first mortgage listed above.
On December 22, 1987, the Tenants executed a mortgage and note for $3,100,000 in favor of the Bank. The Tenants subsequently defaulted on the mortgage, note, and their rent payments to Pollack. On April 23, 1993, Pollack terminated the Tenants' lease. CTB is the successor in interest to the Bank and now owns the mortgage and note. On August 23, 1993, CTB filed this two count complaint seeking (1) possession of the mortgaged property in strict foreclosure, and (2) a deficiency judgment against the Tenants. On October 12, 1993, the court, Hodgson, J., defaulted all the defendants except Pollack. The plaintiff now moves for summary judgment against Pollack.
"Practice Book § 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" [Lees v. Middlesex Ins. Co.], 219 Conn. 644, 650,594 A.2d 592 (1991).
 "Although a party seeking summary judgment has the burden of showing the nonexistence of any material fact; [DHR Construction Co. v. Donnelly], 180 Conn. 430, 434, 429 A.2d 903
(1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book §§ 380, 381; [Burns v. Hartford Hospital], CT Page 4539 192 Conn. 451, 455, 472 A.2d 1257 (1984). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. [Town Bank Trust Co. v. Benson], 176 Conn. 304, 309, 407 A.2d 971 (1978)." [Strada v. Connecticut Newspapers, Inc.], 193 Conn. 313, 317, 477 A.2d 1005 (1984). "The test is whether a party would be entitled to a directed verdict on the same facts." [Batick v. Seymour], 186 Conn. 632, 647, 443 A.2d 471
(1982).
[Connell v. Colwell], 214 Conn. 242, 246-47, 571 A.2d 116 (1990).
The plaintiff contends that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. The plaintiff seeks a judgment that Pollack subordinated his interest in favor of the Bank. The plaintiff argues that Pollack explicitly provided for the subordination of his fee interest in the lease. The plaintiff further contends that Pollack's December 21, 1987, letter to the Bank in which he agreed to subordinate his interest up to $3,100,000 is binding.
Pollack, on the other hand, contends that the agreement in the lease to subordinate his fee interest to the mortgagee was not self-executing but required some subsequent affirmative act of subordination. Pollack argues that the language of the lease merely required him to take additional steps to subordinate his fee interest if the Tenants requested him to. Pollack further contends that the December 21, 1987 letter delivered to both CTB and the Tenants during the execution of the mortgage also envisioned that further affirmative steps were necessary before his interest would actually be subordinated. Pollack argues that this agreement was an obligation to the Tenants that expired when he terminated the Tenants lease on April 23, 1993. Finally, Pollack argues that the question whether he intended the subordination clause to be self-executing should be a jury question and cannot be decided in a motion for summary judgment.
An unconditional agreement to subordinate to future mortgages is enforceable without further consent when the later mortgages are executed. [Rice v. Salem Development Corp.], 9 Conn. L. Rptr. 302
(June 24, 1993, Hodgson, J.). The language in the lease and the December 21, 1987, letter to the Bank is clear and unambiguous. CT Page 4540 Pollack, "pursuant to the terms of the said lease, agree[d] to subordinate [his] fee interest to $3,100,000 of the first mortgage listed above." There is no mention of `further affirmative steps' that would be required to execute this agreement. "[A] court will not torture words to impart ambiguity where the ordinary meaning leaves no room for ambiguity, and words do not become ambiguous simply because lawyers or layman contend for different meanings." [Rice v. Salem Development Corp.], 9 Conn. L. Rptr. 302, 303 (June 24, 1993, Hodgson, J.) quoting [Barnard v. Barnard], 214 Conn. 99,110, 570 A.2d 690 (1990).
The plaintiff's mortgage interest has priority over Pollack's interest because Pollack agreed to subordinate his interest to the Bank's mortgage. The plaintiff's motion for summary judgment is granted inasmuch as the defendant has subordinated his fee interest to the plaintiff's mortgage.
Donald W. Celotto, Judge